UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH B. TRIPLETT,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:16-cv-2168-KJN<br><br><br>ORDER |

Plaintiff Joseph Triplett seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").[1] In his motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from September 13, 2013, the date that plaintiff's SSI application was filed, through April 9, 2015, the date of the final administrative decision. (ECF No. 13.) The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment. (ECF No. 16.) No optional reply brief was filed.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 7, 8.)

1

After carefully considering the record and the parties' briefing, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and AFFIRMS the Commissioner's final decision.

I. BACKGROUND

Plaintiff was born on January 12, 1986; has a limited education; can communicate in English; and has no past relevant work. (Administrative Transcript ("AT") 19, 28, 160.)[2] On September 13, 2013, plaintiff applied for SSI, claiming that he was disabled due to post-traumatic stress disorder, attention deficit hyperactivity disorder, bipolar disorder, depression, anxiety, learning disabilities, psychosis, type 2 diabetes, back and knee injuries, elevated liver enzymes, and a Vitamin D deficiency. (AT 12, 161.) After plaintiff's application was denied initially and on reconsideration, an ALJ conducted a hearing on February 3, 2015, at which plaintiff, represented by a non-attorney representative, and a vocational expert ("VE") testified. (AT 25-48.) The ALJ subsequently issued a decision dated April 9, 2015, determining that plaintiff had not been under a disability, as defined in the Act, from September 13, 2013, the date that plaintiff's SSI application was filed, through the date of the ALJ's decision. (AT 12-20.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on July 11, 2016. (AT 1-4.) Plaintiff subsequently filed this action on September 12, 2016, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II. ISSUES PRESENTED

On appeal, plaintiff raises the sole issue of whether the ALJ improperly discounted the opinion of plaintiff's treating physician concerning plaintiff's mental functional capacity.[3]

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

[3] Plaintiff has not challenged the ALJ's evaluation of plaintiff's physical functional capacity through any substantive briefing or argument. Thus, any such issue is waived. See Carmickle v. Comm'r, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

III. LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV. DISCUSSION

Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to SSI pursuant to the Commissioner's standard five-step analytical framework.[4] At the first step, the ALJ concluded that plaintiff had not

---

[4] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing her past relevant work? If so, the

3

engaged in substantial gainful activity since September 13, 2013, plaintiff's SSI application date. (AT 14.) At step two, the ALJ found that plaintiff had the following severe impairments: attention deficit disorder, post-traumatic stress disorder, and bipolar disorder. (Id.) However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 15.)

Before proceeding to step four, the ALJ assessed plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember and carry out simple job tasks; he can maintain attention and concentration for simple job tasks; he cannot interact with the public and should avoid working on a team with coworkers.

(AT 16.) At step four, the ALJ determined that plaintiff had no past relevant work. (AT 19.) Nevertheless, at step five, the ALJ found that, in light of plaintiff's age, education, work experience, and RFC, and in reliance on the VE's testimony, there were jobs that existed in significant numbers in the national economy that plaintiff could perform. (AT 19-20.)

Consequently, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from September 13, 2013, plaintiff's SSI application filing date, through April 9, 2015, the date of the ALJ's decision. (AT 20.)

////

////

////

---

claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

Plaintiff's Substantive Challenges to the Commissioner's Determinations

As noted above, plaintiff's appeal raises the sole issue of whether the ALJ improperly discounted the opinion of plaintiff's treating physician, Dr. Carlota Nepomuceno, concerning plaintiff's mental functional capacity.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. Holohan, 246 F.3d at 1202.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 830-31. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). The regulations require the ALJ to weigh the contradicted treating physician opinion, Edlund, 253 F.3d at 1157,[5] except that the ALJ in any event need not give it any weight if it is conclusory and supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, by itself, is insufficient to reject the opinion of a treating or examining

---

[5] The factors include: (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; and (6) specialization. 20 C.F.R. § 404.1527.

professional. Lester, 81 F.3d at 831.

In this case, plaintiff's treating primary care physician, Dr. Carlota Nepomuceno, completed a one-page medical source statement dated May 12, 2014, stating that plaintiff suffered from bipolar disorder and depression with symptoms of anger, irritability, anxiety, and depression; was unable to focus on tasks; and was incapable of working. (AT 360.) As outlined below, the ALJ provided specific and legitimate reasons for discounting Dr. Nepomuceno's opinion.

As an initial matter, the opinion is entirely conclusory and unsupported by any specific clinical findings or rationale. As such, the ALJ properly gave the opinion little weight. See Meanel, 172 F.3d at 1114 (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.

Additionally, as the ALJ noted, Dr. Nepomuceno's severe opinion is not adequately supported by the treatment records and appeared to rely heavily on plaintiff's subjective complaints. (AT 17.) Although Dr. Nepomuceno's notes documented numerous subjective complaints of anxiety, poor concentration, and other mental symptoms, the treatment records contain little in the form of objective clinical findings. Notably, as the ALJ discussed, when Dr. Nepomuceno referred plaintiff for a psychiatric consultation with her colleague, Dr. Daniel Weiner, on August 29, 2014, Dr. Weiner made significantly less severe findings. (AT 17-18, 365-67.) Dr. Weiner found that plaintiff was not depressed; he had mood swings and some social anxiety, but in general was not really anxious; and he experienced manic episodes that did not amount to full-blown mania about twice a week. (AT 365, 367.) Plaintiff displayed no agitation, anhedonia, anxiety, grandiosity, hallucinations, hopelessness, pressured speech, or suicidal ideation. (AT 367.) Dr. Weiner opined that plaintiff appeared "pretty stable" on his medication regimen. (Id.)

Furthermore, the ALJ reasonably relied on the opinion of consultative examining psychologist, Dr. Sid Cormier, who reviewed plaintiff's records and personally evaluated plaintiff on November 25, 2013. (AT 17, 352-57.) Dr. Cormier made detailed clinical findings, administered intelligence and memory testing, and ultimately found plaintiff essentially capable

of performing simple and repetitive tasks with limited social interaction. (AT 352-57.) Because Dr. Cormier, a mental health specialist, personally examined plaintiff and made independent clinical findings, his opinion constitutes substantial evidence on which the ALJ was entitled to rely.

Finally, the ALJ rationally relied on the opinion of state agency psychologist, Dr. Cattanach, who reviewed plaintiff's records on January 30, 2014, and opined that plaintiff could perform simple tasks, but in a non-public setting with little interpersonal contact due to his history as a sex offender. (AT 17, 72-74.) Dr. Cattanach's opinion is largely consistent with the opinion of consultative examining psychologist Dr. Cormier as well as the assessment of Dr. Weiner, discussed above. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) ("Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record.").

Therefore, the court finds that the ALJ's evaluation of Dr. Nepomuceno's opinion is supported by the record and by the proper analysis.

V. CONCLUSION

For the foregoing reasons, the ALJ's decision is free from prejudicial error and supported by substantial evidence in the record as a whole. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is DENIED.
2. The Commissioner's cross-motion for summary judgment (ECF No. 16) is GRANTED.
3. The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner.
4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: January 22, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE